AA-96-34                                          - 1-

En el Tribunal Supremo de Puerto Rico

| ASOCIACION DE DUEÑOS DE CASAS DE LA PARGUERA, INC. Y OTROS<br><br>        Apelantes<br><br>        V.<br><br>JUNTA DE PLANIFICACION<br><br>        Apelada | Apelación<br><br>99TSPR75 |
| --- | --- |

Número del Caso: AA-96-34

Abogados de la Parte Apelante: Lic. Patricio Martínez Lorenzo
Bufete Martínez Lorenzo

Abogados de la Parte Apelada: Lic. Everlidys Rodríguez Pacheco
Lic. Gloria M. Soto Burgos

Abogados de la Parte Interventora:

Agencia Administrativa: Junta de Planificación

Juez del Tribunal de Primera Instancia:

Tribunal de circuito de Apelaciones:

Juez Ponente:

Fecha: 5/14/1999

Materia:

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Asociación de Dueños de Casas
de la Parguera, Inc. y Otros

   Apelantes

      v.                                    AA-96-34

Junta de Planificación de
Puerto Rico

   Apelada

Opinión del Tribunal emitida por el Juez Asociado señor Hernández
Denton

San Juan, Puerto Rico, a 14 de mayo de 1999.

Nos corresponde resolver cuál es el término para impugnar la validez de su faz de un Plan de Uso de Terreno aprobado por la Junta de Planificación. Resolvemos que el término es de treinta (30) días a partir de la fecha de vigencia de éste, según establece la Ley Núm. 170, del 12 de agosto de 1988, según enmendada, conocida como la Ley de Procedimiento Administrativo Uniforme, 3 L.P.R.A. sec. 2127(b), y no a partir de su publicación, como establece la Ley Núm. 75 del 24 de junio de 1975, según enmendada, conocida como la Ley Orgánica de la Junta de Planificación, 23 L.P.R.A. sec. 63(d)(b).

**I.**

El 10 de abril de 1995, la Junta de Planificación (en adelante Junta) publicó en el periódico El Vocero un aviso notificando la celebración de una vista pública en torno al propuesto "Plan de Manejo para el Area de Planificación Especial del Suroeste, Sector la Parguera" (en adelante el Plan). La vista se llevaría a cabo el día 29 de abril de 1995 en el Municipio de Lajas, con el fin de discutir "las estrategias y los principios de Política Pública sobre Usos de Terreno para el manejo del área". El aviso indicaba los lugares donde estaría disponible el Plan e informaba del período de 30 días requerido por la Ley de Procedimiento Administrativo Uniforme, 3 L.P.R.A. sec. 2122, para someter comentarios por escrito a la agencia.

El mismo día de la publicación de este aviso, los apelantes presentaron ante la Junta una moción solicitando la suspensión de la vista. Mediante resolución del 25 de abril, la Junta declaró no ha lugar la solicitud de suspensión, y la vista se llevó a cabo el día pautado. Alrededor de 30 participantes testificaron en dicha vista, incluyendo residentes del área, organismos gubernamentales y entidades privadas, además de los apelantes representados por su abogado. A petición de algunos de los ponentes, la Junta concedió un período adicional de treinta días a partir del 6 de junio de 1995 para que los interesados sometieran comentarios sobre el borrador del Plan discutido en la vista pública.

Concluido este término adicional, el Plan fue adoptado por la Junta el 25 de octubre de 1995 y aprobado por el Gobernador el 5 de diciembre de 1995. Posteriormente, el sábado 16 de marzo de 1996 fue notificada su aprobación mediante "Aviso" publicado en el periódico El Vocero. El día 16 de abril de 1996 la Asociación de Dueños de Casas de la Parguera, Inc. y varios de sus miembros, radicaron el presente escrito de apelación impugnando el procedimiento seguido al adoptar el "Plan de Manejo para el Area de Planificación especial del Suroeste, Sector la Parguera".

**II.**

La Ley de la Judicatura de Puerto Rico de 1994, 4 L.P.R.A. secs. 22 et seq., antes de ser enmendada el 25 de diciembre de 1995, disponía:

> [E]l Tribunal Supremo, mediante recurso de apelación, revisará las decisiones, resoluciones y providencias dictadas por organismos, funcionarios y agencias administrativas y por subdivisiones políticas del Estado Libre Asociado de Puerto Rico que hasta la vigencia de esta Ley debían ser revisadas por el Tribunal Superior Sala de San Juan.

En el caso Montalvo v. Municipio de Sábana Grande, Opinión y Sentencia del 10 de mayo de 1995, 138 D.P.R. ___ (1995), interpretamos esta sección de la Ley de la Judicatura y establecimos que los recursos provenientes de organismos administrativos que por virtud de una disposición de su estatuto orgánico dispusiere que deberían ser atendidos exclusivamente por la Sala de San Juan del Tribunal Superior, serán atendidos por el Tribunal Supremo mediante recurso de apelación.

Esta sección de la Ley de la Judicatura fue enmendada por la ley Núm. 248 del 25 de diciembre de 1995 que entró en vigor el 1 de mayo de 1996. La enmienda eliminó de la competencia del Tribunal Supremo los recursos de apelación de las decisiones, resoluciones y providencias dictadas por agencias administrativas. La presente apelación fue radicada el 16 de abril de 1996, varios días antes de que entrara en vigor esta enmienda a la Ley de la Judicatura. Por lo tanto, al amparo de la norma expresada en Montalvo v. Municipio de Sábana Grande, supra, y tratándose de una actuación cuasi-legislativa por parte de la Junta de Planificación dispuesta por su Ley Orgánica[1] a ser revisada exclusivamente por el extinto Tribunal Superior Sala de San Juan, corresponde a este foro la competencia para resolver el presente recurso.

**III.**

---

1 La Ley Orgánica de la Junta de Planificación, 23 L.P.R.A. secs. 62 et seq., establece que: "[L]as actuaciones, decisiones o resoluciones de la Junta de Planificación en el ejercicio de sus funciones cuasi legislativas, tales como la adopción y promulgación de reglamentos y mapas de zonificación, o las enmiendas a los mismos, serán finales. Disponiéndose, que en los casos en que la Junta no cumpla con los requisitos estatutarios para la adopción y promulgación, o enmiendas a dichos reglamentos y mapas, **podrá recurrirse ante el Tribunal Superior, Sala de San Juan**, a impugnar el procedimiento seguido...". (énfasis suplido).

Antes de evaluar los méritos del presente recurso procede que constatemos la jurisdicción de este Tribunal. Aunque en su comparecencia la Junta de Planificación no cuestiona la jurisdicción de este foro, recae en este Tribunal el deber de auscultar su propia jurisdicción. Ver López Rivera v. Autoridad de Fuentes Fluviales, 89 D.P.R. 414, (1963); Vázquez v. Administración de Reglamentos y Permisos, 128 D.P.R. 513 (1991). Los apelantes señalan que este Tribunal tiene jurisdicción para entender en el presente recurso a tenor con el Artículo 32 de la Ley Orgánica de la Junta de Planificación. Este artículo dispone:

> Las actuaciones, decisiones o resoluciones de la Junta de Planificación en el ejercicio de sus funciones cuasi legislativas, tales como la adopción y promulgación de reglamentos y mapas de zonificación, o las enmiendas a los mismos, serán finales. Disponiéndose, que en los casos en que la Junta no cumpla con los requisitos estatutarios para la adopción y promulgación, o enmiendas a dichos reglamentos y mapas, podrá recurrirse ante el Tribunal Superior, Sala de San Juan, a impugnar el procedimiento seguido, dentro de un término de 30 días naturales, contados a partir de la **publicación** de los mismos. 23 L.P.R.A. sec. 63 (d)(b) (énfasis suplido).

Por su parte la Ley de Procedimiento Administrativo Uniforme, promulgada con el propósito de uniformar los procedimientos administrativos del país, disponía para la fecha de la aprobación del Plan que:

> [C]ualquier acción para impugnar la validez de su faz de una regla o reglamento por el incumplimiento de las disposiciones de este Capítulo deberá iniciarse en el Tribunal Superior con competencia dentro de los treinta días siguientes a la fecha de **vigencia** de dicha regla o reglamento. 3 L.P.R.A. sec. 2127(b).[2] (énfasis suplido).

A raíz de la contradicción presente entre estos dos estatutos, y debido a la importancia que tiene, a los fines de determinar la

---

[2] Esta sección fue enmendada en el 1995, efectiva el 1 de mayo de 1996, y ahora dispone: "Cualquier acción para impugnar la validez de su faz de una regla o reglamento por el incumplimiento de las disposiciones de este Capítulo deberá iniciarse en el Tribunal de Circuito de Apelaciones dentro de los treinta días siguientes a la fecha de vigencia de dicha regla o reglamento. La competencia sobre la acción corresponderá al Circuito de la región judicial donde está ubicado el domicilio del recurrente."

jurisdicción de este Tribunal, el esclarecer a partir de qué fecha comenzó a correr el término de 30 días para la revisión judicial, es menester aclarar cuál término es el aplicable.  En <u>Montoto Pratts</u> v. <u>Lorie</u>, res. el 11 de marzo de 1998, 98 TSPR 23, tuvimos la oportunidad de examinar una controversia similar.[3]  Determinamos que el término para acudir en revisión judicial de una enmienda a un Mapa de Zonificación era de **treinta (30) días a partir de su fecha de vigencia**, según se establece en la Ley de Procedimiento Administrativo Uniforme, y no desde su publicación como indica la Ley Orgánica de la Junta.  Igual conclusión procede en cuanto a los Planes de Uso de Terreno.  Veamos.

La Ley de Procedimiento Administrativo Uniforme aprobada el 12 de agosto de 1988, es una ley posterior a la Ley Orgánica de la Junta de Planificación aprobada el 24 de junio de 1975.  La misma se creó con el propósito de uniformar todo el procedimiento administrativo ante las agencias gubernamentales.  La intención del legislador fue, en parte, establecer **"un procedimiento uniforme de revisión judicial a la acción tomada por la agencia al adoptar un reglamento o al adjudicar un caso"**. *Ley de Procedimiento Administrativo Uniforme*, Exposición de Motivos, <u>Hernández O'Farril</u> v. <u>Golden Tower Development Corp</u>., 125 D.P.R. 744 (1990).

Conforme la intención del legislador al aprobar la Ley de Procedimiento Administrativo Uniforme, hemos reconocido, en varias ocasiones, que los términos y procedimientos de esta ley han desplazado aquellos términos incompatibles que dispongan las Leyes Orgánicas de las distintas Agencias. <u>Carabarín, et al.</u> v. <u>A.R.P.E.</u>, 132 D.P.R. 938 (1993); <u>Pagán Ramos</u> v. <u>F.S.E.</u>, 129 D.P.R. 888 (1992); <u>Hernández O'Farril</u> v. <u>Golden Tower Development Corp.</u>, <u>supra</u>.  Este mismo análisis hace forzoso concluir que el término que establece la Ley de Procedimiento Administrativo Uniforme para acudir en revisión judicial de una

---

[3] En este caso se impugnaba la validez de una enmienda a un Mapa de Zonificación.  Esta acción, al igual que la aprobación de Planes de Uso de Terreno, se considera una de índole cuasi-legislativa.

determinación cuasi-legislativa de la Junta de Planificación desplazó al establecido en la Ley Orgánica de la Junta.  De lo anterior se desprende que toda persona o parte, que interese impugnar la validez de su faz de una acción cuasi-legislativa de la Junta de Planificación, deberá acudir al Tribunal con competencia dentro de los treinta (30) días siguientes a su vigencia.[4]

## IV.

En el caso ante nos los apelantes tenían un término de 30 días, a partir de la vigencia del Plan de Uso de Terreno, para acudir ante este Tribunal.  Debemos por lo tanto, determinar en qué momento entró en vigor el Plan de Manejo para el Area de Planificación Especial del Suroeste, Sector la Parguera, para determinar si los apelantes acudieron en tiempo ante este foro.  Veamos.

Para determinar en qué momento entra en vigor una regla o reglamento de una agencia, debemos examinar las disposiciones de la Ley de Procedimiento Administrativo Uniforme. La sección 2128 de esta ley establece:

> Todo reglamento aprobado por cualquier agencia del Estado Libre Asociado de Puerto Rico deberá ser presentado en el Departamento de Estado en español en original y dos copias. **Como regla general los reglamentos comenzarán a regir a los treinta días después de su radicación a menos que: (1) de otro modo lo disponga el estatuto con arreglo al cual se adoptare el reglamento, en cuyo caso empezará a regir el día prescrito por dicho estatuto;** (2) como parte del reglamento, la agencia prescriba una fecha de vigencia posterior, si así lo dispusiere el estatuto que autoriza a la agencia a promulgar dicho reglamento, o (3) el reglamento sea uno de emergencia, según lo dispone la sec. 2133 de este título..., 3 L.P.R.A. sec. 2128.

Por ende, como regla general, las reglas y reglamentos aprobados por las agencias comienzan a regir a los treinta (30) días después de radicados en el Departamento de Estado.  Sin embargo, la propia Ley de Procedimiento Administrativo Uniforme nos refiere a la Ley Orgánica de

---

[4] Entendemos que ese término de treinta (30) días dispuesto por la L.P.A.U. para impugnar un Reglamento de su faz, no impide que personas a quienes se les aplique un Reglamento, luego de transcurrido este término, puedan impugnar, por ejemplo, la validez o constitucionalidad del mismo. Sin embargo, esta no es la situación en el caso ante nos.

cada agencia para constatar que no se fije allí una fecha de vigencia para un reglamento en particular, distinta a la que como regla general aplica.

La Ley Número 75 del 24 de junio de 1975 es conocida comúnmente como la Ley Orgánica de La Junta de Planificación. Esta ley creó la Junta de Planificación y la facultó para guiar el desarrollo integral de Puerto Rico de modo coordinado, de acuerdo con las actuales y futuras necesidades sociales y los recursos humanos, ambientales, físicos y económicos, de nuestro país, 23 L.P.R.A. sec. 62c. En consecución de estos principios la Legislatura le encomendó a la Junta de Planificación la adopción de Planes de Usos de Terreno. Estos Planes de Usos de Terreno sirven de base para la preparación y revisión de los Mapas de Zonificación. Asimismo, toda obra o proyecto a ser realizado por cualquier persona o entidad, deberá estar de acuerdo con las recomendaciones de los Planes de Usos de Terrenos, una vez adoptados por la Junta de Planificación y aprobados por el Gobernador, 23 L.P.R.A. sec. 62(m).

Debido a la importancia que tienen estos Planes dentro del esquema de las demás obligaciones y facultades de la Junta de Planificación, el legislador proveyó que su vigencia fuese inmediata a la firma del gobernador. La Ley Orgánica de la Junta de Planificación dispone: **"Los Planes de Usos de Terrenos o cualquier parte de los mismos** y el Programa de Inversiones de Cuatro Años, **regirán inmediatamente después de adoptados por la Junta y aprobados por el Gobernador...".** 23 L.P.R.A. sec. 63(a) (énfasis añadido). Esta sección de la Ley Orgánica de la Junta fija una fecha de vigencia específica para los Planes de Uso de Terreno. Por lo tanto, conforme la sección 2128 de la Ley de Procedimiento Administrativo Uniforme, los Planes de Usos de Terreno entran en vigor con la firma del gobernador.

A tenor con el análisis que antecede, determinamos que el término para solicitar la revisión judicial "de su faz" del "Plan de Manejo para

el Area de Planificación especial del Suroeste, Sector la Parguera",
venció 30 días después del 5 de diciembre de 1995, meses antes de que
acudieran los apelantes ante este Tribunal.  Habiendo determinado que la
apelación fue radicada fuera del término dispuesto por la Ley de
Procedimiento Administrativo Uniforme, este Tribunal carece de
jurisdicción para entrar en los méritos del recurso.

Se dictará la Sentencia correspondiente.


Federico Hernández Denton
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Asociación de Dueños de Casas
de la Parguera, Inc. y Otros

   Apelantes

      v.                                AA-96-34

Junta de Planificación de
Puerto Rico

   Apelada


SENTENCIA

San Juan, Puerto Rico, a 14 de mayo de 1999.


Por los fundamentos expuestos en la Opinión del Tribunal que antecede, la cual se hace formar parte integral de la presente Sentencia, resolvemos que la apelación fue radicada fuera del término dispuesto por la Ley de Procedimiento Administrativo Uniforme, por lo que este Tribunal carece de jurisdicción para entrar en los méritos del recurso.

Así lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Fuster Berlingeri emitió Opinión Disidente y Concurrente, a la cual se une la Juez Asociada señora Naveira de Rodón.


Isabel Llompart Zeno
Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Asociación de Dueños de Casas
de la Parguera, Inc.

    Apelantes


        vs.                          AA-96-34


Junta de Planificación de
Puerto Rico

    Apelada


Opinión Disidente y Concurrente emitida por el Juez Asociado SEÑOR FUSTER BERLINGERI, a la cual se une la

Juez Asociada señora NAVEIRA DE RODON.


San Juan, Puerto Rico, a 14 de mayo de 1999.

En el caso de autos, la mayoría del Tribunal, <u>sin que nadie se lo haya planteado</u>, y luego de numerosos trámites procesales ante nos, se declara sin jurisdicción para entender en esta apelación administrativa, fundamentándose para ello en una rebuscada y desacertada interpretación estatutaria. Llega a tal determinación, sin siquiera haberle dado oportunidad a los apelantes a expresarse sobre el asunto jurisdiccional, que la mayoría levanta por su cuenta, luego de estar sometido el caso, estando las partes ajenas a ello. Disiento de esta decisión de la mayoría del Tribunal, aunque por otros fundamentos, concurro en el resultado de desestimar el recurso.

I

Los apelantes son miembros de la Asociación de Dueños de Casas de la Parguera, Inc. Impugnaron un Plan de Manejo para el área de la Parguera, adoptado por la Junta de Planificación en 1995, conforme al cual se establece la política estatal sobre las estrategias para el desarrollo del Sector la Parguera. Alegan los apelantes que dicho Plan, que supuestamente resultará en la eliminación de todas las estructuras que ellos poseen en el Sector, se aprobó sin que la Junta notificase la versión final del mismo mediante el aviso correspondiente; y sin permitirle a los apelantes la participación en los procesos de planificación para su formulación que la propia ley orgánica de la Junta les provee. Aducen, además, que el Plan aludido, que conlleva la eliminación de sobre 100 casas sobre pilotes en el litoral costero de la Parguera, junto con sus accesos, muelles y otras estructuras, ha de generar problemas de disposición de desperdicios sólidos e impactos sobre aguas, pero la Junta no preparó la Declaración de Impacto Ambiental (DIA) que viene obligada a hacer por ley, respecto a decisiones como las del Plan referido, que han de tener un impacto ambiental significativo. Finalmente, alegan los apelantes que el Plan referido se adoptó mediante un proceso cuasi legislativo, cuando tal actuación de la Junta tiene realmente la naturaleza de un proceso adjudicativo, debido a que propone la eliminación de bienes inmuebles particulares pertenecientes a los apelantes. Plantean, pues, varias violaciones al debido proceso de ley que rige las actuaciones de la Junta.

La apelación de autos fue presentada el 16 de abril de 1996. El 6 de diciembre de ese año, mediante Resolución, le dimos término a la parte apelante para presentar su alegato, lo que hizo el 30 de diciembre de 1996. El 3 de febrero de 1997, la Junta de Planificación presentó su propio alegato, discutiendo en sus méritos las alegaciones de los apelantes, y sin cuestionar la jurisdicción nuestra para atender esta apelación.

Así las cosas, el 12 de febrero de 1997, los apelantes solicitaron nuestra autorización para someter un alegato supletorio. Se la concedimos

el 21 de febrero de ese año y además, le dimos a la parte apelada el término correspondiente para replicar dicho alegato supletorio. Ambas partes sometieron los escritos referidos; luego ambas comparecieron también en varias otras ocasiones para presentar otros escritos que consideraron pertinentes.

Después de haber autorizado y permitido todas las comparecencias e intervenciones de ambas partes, por espacio de más de un año, una mayoría del Tribunal ahora decide motu proprio que no tenemos jurisdicción para considerar las cuestiones presentadas en esta apelación. Lo hace, además, sin darle a la parte afectada por tal dictamen la oportunidad de enfrentarse a nuestra supuesta falta de jurisdicción y presentarnos sus puntos de vista sobre el particular, lo que es algo muy inusitado, dadas las circunstancias particulares de este caso.

II

La determinación de la mayoría sobre nuestra supuesta falta de jurisdicción tiene varios defectos graves. Para comenzar, la mayoría resuelve que el término de treinta (30) días para apelar ante nos comenzó a decursar a partir del momento en que el Gobernador de Puerto Rico le impartió su firma al Plan impugnado, lo que ocurrió el 5 de diciembre de 1995, cuatro meses antes de que los apelantes acudieran ante nos. Lo que la mayoría no explica es cómo puede ejercerse el derecho a apelar si tal acción, la firma del Gobernador, **no es conocida**. Los apelantes no se enteraron de que el Plan había sido aprobado por el Gobernador hasta el 16 de marzo de 1996, cuando se dio noticia pública de tal hecho, mediante un aviso publicado en la prensa del país. Hasta que se hizo tal aviso, los apelantes no conocían —**ni tenían medios de conocer**— que el Gobernador le había impartido su firma al plan referido. Y, claro está, para la fecha en que se hizo tal aviso, ya había transcurrido el término de treinta (30) días que la mayoría decreta que aplicaba en este caso.

Es elemental que no se puede impugnar lo que no se conoce. No puede sujetarse una parte a un término cuando ésta no ha podido enterarse que

dicho término comenzó a decursar.  Principios bien conocidos de debido proceso de ley precluyen que a los apelantes se les exija observar un término que depende de un evento que desconocían.

La mayoría llega a este grave dislate constitucional porque le extiende al Plan del caso de autos una disposición de la Ley de Procedimiento Administrativo Uniforme (LPAU) que no le aplica.  Veamos.

III

No cabe duda de que **si existiese conflicto** entre lo dispuesto por la Ley Orgánica de la Junta de Planificación y lo dispuesto por la LPAU sobre alguna cuestión relativa al procedimiento administrativo, prevalecería lo dispuesto por la LPAU.  Montoto Pratts v. Lorie, Opinión del 11 de marzo de 1998, 98 JTS 25;  Luan Investment Corp. v. Román, 125 D.P.R. 533 (1990).  Lo determinativo para que prevalezca la LPAU es que en efecto **exista un conflicto** entre las correspondientes disposiciones legislativas.

En el caso de autos, tal conflicto **no existe**.  El término para la revisión judicial que aquí nos concierne, que dispone la LPAU, de treinta (30) días a partir de la fecha de su vigencia, 3 L.P.R.A. 2127(b), aplica a las acciones dirigidas a impugnar **"una regla o reglamento"**.  En cambio, el término correspondiente que fija la Ley Orgánica de la Junta de Planificación, de treinta (30) días a partir de la fecha de su publicación, aplica a las actuaciones o decisiones de la agencia en el ejercicio de **"sus funciones cuasi legislativas"**.  **Se trata de dos conceptos de diferente alcance**.  Las reglas y reglamentos de la Junta ciertamente constituyen un acto cuasi legislativo de ésta, por lo que están sujetos a la aludida disposición de la LPAU, pero la Junta tiene varias otras actuaciones y decisiones que son de naturaleza cuasi legislativa **pero que no constituyen reglas o reglamentos**, por lo que no se rigen por la LPAU, porque ésta no las abarca, sino por la propia Ley Orgánica de la Junta.  Tal es el caso del Plan en cuestión ante nos.

Nótese que la Ley Orgánica de la Junta claramente distingue los distintos tipos de actuaciones suyas que son de naturaleza cuasi

legislativa.    Así   pues,   el   término   dispuesto   para   la   vigencia   de
reglamentos es distinto al dispuesto para Planes de Usos de Terrenos, que a
su vez es distinto al dispuesto para mapas y planos.    Véase Arts. 28 y 29
de la Ley Orgánica de la Junta de Planificación, 23 L.P.R.A. 63 y 63a.    Se
trata de actuaciones o decisiones de la Junta que son todas de naturaleza
cuasi legislativa, pero que persiguen propósitos distintos, tienen efectos
jurídicos distintos y en consecuencia los términos de vigencia y otras
disposiciones afines son distintas.    En efecto, un análisis contextual de
las disposiciones pertinentes de la Ley Orgánica referida demuestra que las
disposiciones reglamentarias van dirigidas a hacer cumplir o implantar las
políticas y estrategias de desarrollo integral de Puerto Rico adoptadas por
la Junta, mientras que los Planes de Usos de Terreno, como es el de autos,
es donde se formulan o esbozan tales políticas y estrategias.

Por otro lado, la propia LPAU claramente define lo que es una regla o
reglamento, de un modo que resalta su carácter instrumental.    Se trata de
normas concretas dirigidas a ejecutar una política pública o ley.    No son
medios para declarar o formular esa política, como son los planes aludidos.
Artículo 1 de la LPAU, 3 L.P.R.A. sec. 2102.

Resulta, pues, que la LPAU tiene disposiciones sobre medidas cuasi
legislativas como los **reglamentos**, pero no tiene disposiciones sobre la
revisión judicial de medidas como los **Planes de Usos de Terreno**, mediante
los cuales la Junta realiza su más fundamental misión cuasi legislativa de
esbozar las políticas y estrategias generales de desarrollo integral de
Puerto Rico.    La limitada revisión judicial de esta labor la dispone la
propia Ley Orgánica de la Junta, no la LPAU. No hay, pues, conflicto entre
una   legislación   y   la   otra   respecto   a   lo   que   aquí   nos   concierne
específicamente.

IV

Desde otra perspectiva esencial, también es claro que no existe ningún
conflicto  real  entre  lo  que  dispone  la  LPAU  y  lo  que  dispone  la  Ley

Orgánica de la Junta de Planificación en lo que aquí nos concierne. La propia LPAU claramente consagra el principio de que la revisión judicial no procede hasta tanto se haya <u>publicado</u> la reglamentación a impugnarse. De ordinario, la vigencia de dicha reglamentación no ocurre hasta tanto el Secretario de Estado la aprueba, 3 L.P.R.A. 2131, lo que a su vez requiere que ésta haya sido debidamente publicada, 3 L.P.R.A. secs. 2129 y 2128(d). La Ley Orgánica referida, por su lado, expresamente dispone que sus instrumentos cuasi legislativos sólo pueden impugnarse judicialmente a partir de su <u>publicación</u>. **<u>Ambos esquemas legislativos, pues, incorporan la elemental noción del debido proceso de ley de que no se puede cuestionar judicialmente lo que no se conoce</u>**. Por ello, aun si mediante una dilatada interpretación se concluyese que el Plan del caso de autos es un reglamento, no tiene ningún sentido jurídico resolver, como lo hace la mayoría, que el término para impugnarlo transcurrió aunque su vigencia no haya sido publicada. Tal dictamen violenta todo el espíritu y el significado real de la propia LPAU, que reconoce en varios de sus artículos la necesidad de la <u>publicidad</u> de los reglamentos, como condición para su vigencia y para su impugnación judicial. La mayoría hace una interpretación rígidamente literalista de la LPAU, a costa de una interpretación mucho más razonable que profundice en el sentido propio de esa fundamental pieza legislativa. Por eso llega a un insólito resultado, que menoscaba precisamente el debido proceso de ley que la LPAU busca hacer uniforme en todas las agencias administrativas. El menoscabo de normas elementales del debido proceso de ley que aquí nos concierne, pues, no es un dislate atribuible a la legislación en cuestión, sino sólo a la propia decisión de la mayoría.

Finalmente, debe notarse que el artificioso proceder de la mayoría, de decidir que conforme a la LPAU unas secciones de la Ley Orgánica de la Junta de Planificación sobre lo procesal administrativo están en vigor pero otras no rigen, conduce también al dislate aludido. Este proceder decisional ignora la relación interna de las referidas disposiciones de

dicha Ley Orgánica, que constituyen un esquema integrado, por lo que no pueden tratarse individualmente de modo aislado.  Tal desmembramiento sólo puede producir un resultado como el que decreta la mayoría, que se efectúa a contrapelo de lo más elemental del debido proceso de ley.  Es por todo lo anterior que debo disentir del dictamen aludido.

V

En mi criterio, tenemos jurisdicción para atender este recurso, y al ejercerla, debemos denegarlo en sus méritos.

La mayor parte de los señalamientos de error de los apelantes parten de una premisa equivocada.  Su exigencia de una participación en el proceso decisional de la Junta de Planificación más amplia que la que tuvieron, su reclamo de que no se preparó una DIA en ese proceso, y la alegación de que son aplicables en este caso las disposiciones de ley sobre procesos adjudicativos, parten todas de la premisa de que el Plan de Manejo para el área de la Parguera que nos concierne aquí es un esquema normativo que afecta derechos concretos de los apelantes.  Pero resulta que tal premisa no es correcta.

Según se indicó antes en esta opinión, el Plan de Manejo referido es esencialmente un esbozo de una política pública sobre estrategias para el uso propio de determinados terrenos.  No constituye un reglamento de zonificación sobre dichos terrenos.  Ciertamente no constituye una decisión específica sobre terreno alguno.  Si bien es cierto que dicho Plan tiene efectos sobre el desarrollo del área, éste no efectúa de por sí una acción concreta del Estado contra los apelantes.  Con el Plan, la Junta no ha adjudicado aún derechos u obligaciones particulares de persona alguna.  En ese sentido, los reclamos de los apelantes son prematuros.  El Plan representa una función eminentemente cuasi legislativa, al nivel de formular política pública, por lo que su preparación no requiere una participación de los interesados mayor que la que éstos en efecto tuvieron. Véase 3 L.P.R.A. secs. 2122 y 2123;  y 23 L.P.R.A. sec. 62z.  Tampoco requiere necesariamente la preparación de una DIA.  Véase Art. 1.6 del

Reglamento sobre Declaraciones de Impacto Ambiental. Nuestra función revisora respecto a decisiones administrativas de naturaleza tan eminentemente legislativa es muy limitada, como resolvimos en _Luan Investment Corp. v. Román_, _supra_. En cuanto a tres de los cuatro errores alegados por los apelantes, pues, no procede la revisión.

En cuanto al otro error, relativo a que el Plan de Manejo en cuestión no se publicó en el aviso que apareció en la prensa al notificarse su aprobación por el Gobernador, dicho aviso claramente indicaba donde estaba disponible para examen la versión final del Plan aludido. Ello constituía aviso suficiente de éste, por lo que el error alegado no fue cometido.

Con arreglo a los fundamentos expuestos, procede en mi criterio la desestimación del recurso de autos, no por la razón expuesta por la mayoría del Tribunal sino porque en los méritos, los apelantes no han presentado fundamentos suficientes que justifiquen nuestra intervención. Concurro, pues, con el resultado del dictamen mayoritario, aunque por un fundamento totalmente distinto al de éste.


JAIME B. FUSTER BERLINGERI
JUEZ ASOCIADO