EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Gladys Olivo Román<br><br>Peticionaria<br><br>v.<br><br>Secretario de Hacienda<br><br>Recurrido | Certiorari<br><br>2005 TSPR 27<br><br>163 DPR _____ |

Número del Caso: CC-2004-43

Fecha: 10 de marzo de 2005

Tribunal de Apelaciones:

        Región Judicial de Carolina

Juez Ponente:

        Hon. José Miranda De Hostos


Abogado de la Peticionaria:

        Lcdo. Miguel A. Rodíguez Suarez

Oficina del Procurador General:

        Lcda. Miriam Álvarez Archilla<br>        Procuradora General Auxiliar


Materia: Reintegro de Contribuciones sobre Ingresos


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

Gladys Olivo Román

    Peticionaria

        v.                  CC-2004-43      Certiorari

Secretario de Hacienda

    Recurrido

Opinión del Tribunal emitida por el Juez Presidente señor Hernández Denton

San Juan, Puerto Rico, a 10 de marzo de 2005.

La controversia que nos ocupa requiere que determinemos cuál es el momento adecuado para que un contribuyente pueda incoar ante el Tribunal de Primera Instancia una demanda contra el Secretario de Hacienda para reclamar un reintegro de contribuciones sobre ingresos y las advertencias que ese Departamento debe proveer en torno a este derecho. Veamos.

I

En agosto de 2000, la Sra. Gladys Olivo Román (en adelante señora Olivo Román), alegadamente, fue despedida de su empleo y recibió de su patrono quince mil dólares

($15,000.00) como parte de su compensación al amparo de la Ley Núm. 80 de 30 de mayo de 1976, según enmendada. 29 L.P.R.A. secs. 185a *et seq.* Dicha suma de dinero fue incluida en la planilla de contribuciones sobre ingresos de la señora Olivo Román para el año 2000 bajo el renglón de sueldos, comisiones, concesiones y propinas. Posteriormente, la señora Olivo Román sometió al Departamento de Hacienda una planilla enmendada para el año contributivo 2000 en la que excluyó de sus ingresos tributables la mencionada cantidad de dinero e hizo constar un reintegro de contribuciones por la suma de mil ochocientos treinta y tres dólares ($1,833.00). Evaluadas las planillas, personal del Negociado de Procesamiento de Planillas del Departamento de Hacienda entregó personalmente a la señora Olivo Román un documento que contenía la siguiente información:

> Estimado contribuyente:
>
> La determinación final sobre su planilla de contribuciones sobre ingresos del AÑO 1998 [sic] como sigue:
>
> Deseamos informarle que su planilla enmendada no procede; ya que los ingresos que disminuye son tributables en su totalidad.
>
> De tener alguna duda, favor de llamar a Lisvette Lozada, 721-2020 Exts. 2216 a la 2218, Oficina 208, Sección Administración de Ajustes.
>
>          Cordialmente,
>                 Lisvette Lozada (Fdo.)
>                 Supervisor Sección
>                 Administración de Ajuste o
>                 Representante Autorizado

A consecuencia de lo anterior, la señora Olivo Román presentó ante el tribunal de instancia una demanda contra el Secretario de Hacienda en la cual reclamó el referido reintegro. Adujo, en síntesis, que tenía derecho al mismo toda vez que el pago que recibió de su ex-patrono, el cual excluyó de sus ingresos mediante la planilla enmendada, no era un ingreso tributable sino una indemnización. En oposición, el Secretario de Hacienda, representado por el Departamento de Justicia, solicitó la desestimación de la demanda bajo el fundamento de que no había emitido una denegatoria final de reintegro y la señora Olivo Román no había agotado los remedios administrativos. El foro de instancia acogió el planteamiento del Secretario de Hacienda y desestimó la demanda. Debido a ello, la señora Olivo Román acudió al Tribunal de Apelaciones quien confirmó tal dictamen. El foro apelativo intermedio concluyó que no había culminado el trámite administrativo sobre el reintegro toda vez que no se le había notificado a la contribuyente, mediante correo certificado, la determinación que ésta impugnaba.

Insatisfecha, la señora Olivo Román acude ante nos y aduce que no existen remedios administrativos que agotar ante el Departamento de Hacienda y que la notificación hecha por el Negociado de Procesamiento de Planillas de dicho Departamento es una determinación final de denegatoria de reintegro. Acordamos expedir. El Procurador

General compareció en representación del Secretario de Hacienda y reiteró los planteamientos esbozados por este último. Con el beneficio de las comparecencias de ambas partes, resolvemos.

II

A

Para disponer del presente recurso es necesario, como cuestión de umbral, acudir a la disposición del Código de Rentas Internas de 1994[1] que regula las solicitudes de reintegro por la vía judicial. La regla general sobre la litigación de reintegros, contenida en la sección 6030 del Código de Rentas Internas, preceptúa:

> (a) *Regla General* – Si una reclamación de crédito o reintegro de cualquier contribución impuesta por este Subtítulo radicada por un contribuyente fuere **denegada en todo o en parte por el Secretario, éste deberá notificar de ello al contribuyente por correo certificado, y el contribuyente podrá recurrir contra dicha denegatoria ante el Tribunal de Primera Instancia,** radicando demanda en la forma provista por ley dentro de los 30 días siguientes a la fecha del depósito en el correo de dicha notificación. La no radicación de la demanda dentro del término aquí provisto privará al Tribunal de Primera Instancia de facultad para conocer del asunto.
>
> [. . .]
>
> (b) *Limitación* – No se considerará por el Tribunal de Primera Instancia recurso alguno para el crédito o reintegro de cualquier contribución impuesta por este Código **a menos que exista una denegatoria por el Secretario de tal crédito o reintegro, notificada según se provee en el inciso (a).** (Énfasis suplido). 13 L.P.R.A. sec. 8040.

---

[1] 13 L.P.R.A. secs. 8001 *et seq.* (en adelante Código de Rentas Internas).

Igual proceder surge del artículo 2A (6) de la Ley Núm. 235 de 10 de mayo de 1949, según enmendada,[2] el cual dispone que cuando un contribuyente no estuviere conforme con una determinación del Secretario de Hacienda negándose a conceder un reintegro de cualquier contribución, podrá presentar una demanda en el Tribunal Superior dentro del término de treinta (30) días a partir de la fecha del depósito en el correo de la notificación del Secretario.

Se desprende de las antes citadas disposiciones que el procedimiento para solicitar un reintegro de contribuciones se desdobla en dos etapas, a saber; fase administrativa y fase judicial. La fase judicial requiere, como condición esencial, que el proceso administrativo de reintegro haya culminado con una denegatoria por parte del Secretario de Hacienda, la cual deberá ser notificada al contribuyente por correo certificado. Sin embargo, nos vemos precisados a abordar una interrogante neurálgica al tema que nos ocupa y cuya respuesta no surge de los referidos preceptos legales. Esta es, para fines del procedimiento aludido, qué constituye una denegatoria de reintegro por parte del Secretario de Hacienda de la cual el contribuyente pueda acudir en revisión al foro judicial. Por tanto, debemos analizar el procedimiento administrativo aplicable a este caso para determinar en qué momento se produce la

---

[2] 13 L.P.R.A. sec. 282A(6).

determinación final del Secretario de Hacienda sobre el reintegro solicitado.

B

La Ley de Procedimiento Administrativo Uniforme[3] fue aprobada con el propósito de sistematizar y crear un cuerpo de reglas mínimas que toda agencia deberá observar al formular reglas y reglamentos y al llevar a cabo sus procedimientos adjudicativos.[4] En ánimo de promover la uniformidad entre las agencias, la LPAU sustituyó los procedimientos administrativos que eran incompatibles con sus preceptos y ordenó el manejo de tales asuntos de manera consistente con sus disposiciones. Perfect Clearing v. Corp. Centro Cardiovascular, res. el 16 de agosto de 2004, 2004 TSPR 138; Asoc. de Dueños Casas Parguera, Inc. v. Junta de Planificación, 148 D.P.R. 307 (1999). No obstante, mediante la Ley Núm. 18 de 30 de noviembre de 1990 (en adelante Ley Núm. 18), la LPAU fue enmendada para adicionarle, entre otras, ciertas disposiciones relativas a los procedimientos adjudicativos celebrados ante el Departamento de Hacienda y a la revisión judicial de las determinaciones de su Secretario. Es decir, se proveyó un tratamiento administrativo particular, aplicable exclusivamente a determinadas acciones ejecutadas por el Secretario de

---

[3] Ley Núm. 170 de 12 de agosto de 1988, 3 L.P.R.A. secs. 2101 et seq. (en adelante LPAU).

[4] Exposición de Motivos de la Ley Núm. 170 de 12 de agosto de 1988.

Hacienda. Así, pues, se enmendó la sección 3.1 de la LPAU

para incluir lo siguiente:

> Los procedimientos relativos a los asuntos y actuaciones del Secretario de Hacienda con respecto a las **leyes de rentas internas** del Estado Libre Asociado de Puerto Rico se regirán por las siguientes normas:
>
> (1) Un funcionario designado por el Secretario de Hacienda realizará **una determinación preliminar;**
>
> (2) el contribuyente no conforme con la determinación preliminar solicitará una vista informal que presidirá un funcionario distinto al que realizó la determinación preliminar. **Este realizará la determinación final** por delegación del Secretario de Hacienda. (Énfasis suplido). 3 L.P.R.A. sec. 2151.

Igualmente, se modificó la sección 4.1 del mismo cuerpo

legal para particularizar las disposiciones referentes a la

revisión judicial de aquellas órdenes, resoluciones y

providencias dictadas por el Secretario de Hacienda con

relación a las leyes de rentas internas del Estado Libre

Asociado de Puerto Rico. 3 L.P.R.A. sec. 2171. Así, se

dispuso que estas determinaciones del Secretario de Hacienda

serían revisadas mediante la presentación de una demanda y

la celebración de un juicio *de novo*, ante la sala con

competencia del Tribunal de Primera Instancia. *Id.*

Las mencionadas enmiendas fueron el resultado de la

inquietud legislativa por aclarar la duda que imperó entre

la ciudadanía luego de la aprobación de la LPAU en 1988.

*Véase* Caribbean Petroleum Co. v. Depto. Hacienda, 134 D.P.R.

861 (1993). Esto se debió a que, originalmente, las

disposiciones de dicha pieza legislativa no se ajustaban a

la naturaleza de los procedimientos llevados a cabo ante el

Departamento de Hacienda respecto a varias leyes de rentas

internas, creando incertidumbre sobre los trámites que

debían seguirse ante dicho departamento. Así se deriva del

historial legislativo de la Ley Núm. 18, y en particular, de

la postura presentada por el Departamento de Hacienda ante

las Comisiones de Gobierno de la Cámara de Represetes y del

Senado del Estado Libre Asociado de Puerto Rico, la cual

transcribimos en lo pertinente:

> El Departamento de Hacienda entiende que las disposiciones del Capítulo III de la Ley de Procedimiento, dan margen a que se interprete que los procedimientos de adjudicación, formales e informales, que el Departamento de Hacienda realiza al amparo de las leyes fiscales que éste administra, tiene que cumplir con los requisitos de dicho Capítulo.
> [. . .]
> Resulta pertinente señalar que la Ley de Contribuciones sobre Ingresos, [así como otras leyes fiscales] proveen específicamente los procedimientos administrativos que tienen a su disposición un contribuyente para objetar las deficiencias o **denegatorias de reintegro** que lleva a cabo el Secretario de Hacienda y que le son notificados [sic] al contribuyente. **En virtud de estas leyes especiales el contribuyente tiene derecho a ser oído. Primero, informalmente por la persona que está llevando a cabo la investigación correspondiente, y luego, en una vista administrativa por un funcionario distinto al que determinó la deficiencia.**
>
> **Posteriormente, si el contribuyente no estuviere de acuerdo con la determinación final a que llegó el funcionario que presidió la vista o que denegó el reintegro solicitado,** estas leyes especiales le conceden el derecho de recurrir, mediante una demanda, ante el Tribunal Superior para que éste evalúe el caso en sus méritos y determine la

corrección de la actuación del Secretario.[5] (Énfasis nuestro y citas omitidas).

En vista de esta posición, la cual fue acogida por nuestra Asamblea Legislativa, se incorporaron las referidas enmiendas a la LPAU "con el objetivo de continuar con la práctica anterior del Departamento de Hacienda de ventilar estos asuntos de forma informal, para conveniencia y economía tanto del contribuyente como del Departamento".[6]

Cónsono con el esquema procesal introducido en la LPAU, una solicitud de reintegro de contribuciones sobre ingresos tiene que presentarse, en primera instancia, ante el Secretario de Hacienda.[7] Dicha solicitud será considerada por un funcionario del Departamento de Hacienda, quien evaluará la misma por designación del Secretario, aplicará las secciones del Código de Rentas Internas atinentes al

---

[5] Informe del Departamento de Hacienda presentado el 28 de septiembre de 1990 ante las Comisiones de Gobierno de la Cámara de Representantes y del Senado del Estado Libre Asociado de Puerto Rico sobre el P. de la C. 1120 y el P. del S. 913, págs. 2-3.

[6] Informe de la Comisión de Gobierno de la Cámara de Representantes sobre el P. de la C. 1120 de 23 de octubre de 1990, pág.12.

[7] Conforme a la sec. 3322-3(a) del Reglamento de Contribuciones sobre Ingresos, según enmendado, Reglamento Núm. 0457, radicado el 28 de septiembre de 1957, el contribuyente puede reclamar un reintegro mediante la presentación de la Forma 452, la Forma 480, la Forma 480A o mediante una planilla enmendada, en la Colecturía de Rentas Internas o ante el Negociado de Contribuciones Sobre Ingresos. Además, deberá expresar en detalle cada fundamento por el cual se reclama el reintegro, y los hechos suficientes para informar al Secretario el fundamento exacto del mismo. Sec. 3322-3(b).

reintegro,[8] y emitirá una <u>determinación preliminar</u> sobre el asunto, la cual deberá notificarse al contribuyente. En caso de que este último no estuviere conforme con la determinación inicial del Departamento de Hacienda, tiene derecho a solicitar la celebración de una vista informal ante un funcionario distinto al que intervino inicialmente. Este funcionario emitirá un nuevo dictamen que constituirá la <u>determinación final</u> del Secretario de Hacienda, el cual será notificado al contribuyente mediante correo certificado. Culminado dicho procedimiento, se dará paso a la fase judicial de la reclamación de reintegro mediante la presentación de la demanda correspondiente, en aquellos casos en que el contribuyente esté insatisfecho con esta determinación final. En conclusión, en ausencia de alguno de estos trámites administrativos, la reclamación judicial del contribuyente sobre el reintegro será prematura por virtud de la sección 6030(b) del Código de Rentas Internas, *supra*, y de la sección 3.1(a) de la LPAU, *supra*.

Vista la normativa expuesta, veamos los hechos particulares ante nos.

III

A

Se desprende del expediente que la señora Olivo Román presentó una planilla de contribuciones sobre ingresos enmendada para el año 2000. Mediante ésta, la contribuyente

---

[8] 13 L.P.R.A. secs. 8030 y 8031.

redujo quince mil dólares ($15,000.00) de la partida previamente informada como sueldos, comisiones, concesiones y propinas, bajo el fundamento de que esa suma de dinero correspondía a una indemnización y, a su entender, no constituía ingreso tributable. Dicha reducción de ingresos produjo un reintegro de contribuciones, el cual surgía de la planilla enmendada. Dado que la sec. 3322-3(a) del Reglamento de Contribuciones sobre Ingresos, *supra*, permite reclamar un reintegro de contribuciones mediante la presentación de una planilla enmendada, procedía que el Departamento de Hacienda atendiera el asunto a través del procedimiento administrativo aplicable a tales solicitudes.

Luego de considerar la información aludida, el Negociado de Procesamiento de Planillas del Departamento de Hacienda notificó a la señora Olivo Román "que su planilla enmendada no [procedía]; ya que los ingresos que disminuye son tributables en su totalidad". Además, informó ciertos números telefónicos mediante los cuales ésta podía comunicarse con el funcionario que suscribió la notificación, en caso de dudas. De dicha determinación acudió al foro de instancia la señora Olivo Román mediante la presentación de la demanda del epígrafe.

Es nuestra opinión que, aun cuando la señora Olivo Román tenía derecho a revisar la determinación del Secretario de Hacienda mediante la presentación de una demanda, la misma no procedía en esta etapa de los

procedimientos toda vez que la notificación aludida constituye una <u>determinación preliminar</u> de dicha agencia. Era menester continuar con el cauce administrativo hasta que se produjera la <u>determinación final</u> del Secretario de Hacienda. Es decir, la señora Olivo Román debía solicitar una vista informal ante otro funcionario del Departamento de Hacienda para que éste, luego de escuchar sus argumentos, emitiera la resolución final. Una vez se notificara dicha determinación por correo certificado, con las debidas advertencias del derecho a presentar demanda dentro de los próximos treinta (30) días, se entendía culminada la fase administrativa de la solicitud de reintegro. Con ello, además, se daba paso a la fase judicial de dicha solicitud mediante la oportuna presentación de una demanda a esos efectos.

La señora Olivo Román arguye que, según surge del texto de la notificación del Negociado de Procesamiento de Planillas, ésta era la determinación final del Secretario de Hacienda sobre el reintegro. Aun cuando entendemos que la terminología utilizada por el Departamento de Hacienda en dicha notificación pudo haber inducido a la señora Olivo Román a creer que se trataba de una determinación final, lo cierto es que este error no confirió jurisdicción al foro judicial. La revisión judicial de las determinaciones administrativas no puede depender del nombre con el cual se cataloguen estas últimas, sino de que las mismas

representen la posición final de la agencia tras la culminación del trámite administrativo disponible. De lo contrario, el procedimiento administrativo sucumbiría ante los errores de forma de la agencia.

En resumen, la señora Olivo Román debe agotar el procedimiento administrativo hasta tanto se produzca la determinación final del Secretario de Hacienda sobre el reintegro de contribuciones solicitado por ésta. Una vez culminen los procedimientos administrativos sobre el mencionado reintegro, la señora Olivo Román conserva su derecho de cuestionar ante el Tribunal de Primera Instancia la <u>determinación final</u> del Secretario de Hacienda.

B

Sin embargo, lo anterior no dispone completamente del asunto que nos ocupa, pues no podemos abstraernos del hecho de que el Departamento de Hacienda no advirtió adecuadamente los derechos y procedimientos disponibles ante dicha agencia mediante la aludida notificación, omisión que abonó al proceder de la señora Olivo Román. El presente pleito pudo haberse evitado si el Departamento de Hacienda hubiera advertido en su notificación el trámite administrativo que debió proseguir la señora Olivo Román, y los derechos que le asistían, antes de entablar la reclamación judicial sobre reintegro.

Cabe señalar que los derechos provistos por estatuto forman parte del debido proceso de ley. Así lo hemos

reconocido, por ejemplo, con el derecho a solicitar la revisión judicial de las decisiones administrativas. Colón Torres v. A.A.A., 143 D.P.R. 119 (1997). Como tales, estos derechos deben ser notificados propiamente a las partes. Reiteradamente, hemos expresado que la falta de una notificación adecuada puede impedir que las partes procuren los remedios que tienen a su disposición, enervando con ello las garantías del debido proceso de ley. Rio Construction v. Mun. de Caguas, res. el 25 de octubre de 2001, 2001 TSPR 143; Mun. de Caguas v. AT&T Wireless PCS, Inc., res. el 18 de junio de 2001, 2001 TSPR 93; Punta de Arena v. Junta de Subastas, res. el 30 de marzo de 2001, 2001 TSPR 41; Falcón Padilla v. Maldonado Quirós, 138 D.P.R. 983 (1995).

Es decir, el deber de notificar a las partes una determinación administrativa de manera adecuada y completa no constituye un mero requisito. Rio Construction v. Mun. de Caguas, *supra*. La notificación insuficiente puede traer consigo consecuencias adversas a la sana administración de la justicia, además de que puede demorar innecesariamente los procedimientos administrativos y, posteriormente, los judiciales.

En vista de lo previamente discutido, el contribuyente tiene derecho, por mandato expreso de la sección 3.1 de la LPAU, a una vista informal ante un funcionario del Departamento de Hacienda distinto al que realizó la

determinación preliminar sobre su solicitud de reintegro, si no está conforme con tal dictamen.[9] Dicha vista informal forma parte del debido proceso de ley del contribuyente, y como tal, el Departamento de Hacienda debe advertir la disponibilidad de la vista informal en notificaciones como la que originó el caso de autos. A consecuencia de ello, a partir de esta decisión, la mencionada agencia no sólo viene obligada a notificar al contribuyente la determinación preliminar sobre el reintegro de manera que éste determine si está o no conforme con la misma, sino que además debe advertirle los derechos que le asisten al culminar esa etapa procesal de forma tal que pueda beneficiarse de los remedios que tiene disponibles, en caso de que no esté satisfecho con la determinación preliminar. Sólo así la referida notificación cumpliría con el rigor del debido proceso de ley.

IV

Por los fundamentos que anteceden, se confirma la sentencia emitida por el Tribunal de Apelaciones. Se devuelve el caso al Departamento de Hacienda para la continuación de los procedimientos administrativos de forma consistente con lo aquí resuelto.

Se dictará Sentencia de conformidad.

Federico Hernández Denton
Juez Presidente

---

[9] 3 L.P.R.A. sec. 2151(a).

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Gladys Olivo Román

    Peticionaria

       v.                    CC-2004-43      Certiorari

Secretario de Hacienda

    Recurrido

SENTENCIA

San Juan, Puerto Rico, a 10 de marzo de 2005.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte integral de la presente, se confirma la sentencia emitida por el Tribunal de Apelaciones. Se devuelve el caso al Departamento de Hacienda para la continuación de los procedimientos administrativos de forma consistente con lo aquí resuelto.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo