Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| TERESA SEPÚLVEDA ALANCASTRO<br><br>Recurrente<br><br>v.<br><br>JORGE PÉREZ HEREDIA, LEGISLATURA MUNICIPAL DE UTUADO Y JUNTA DE PLANIFICACIÓN DE PUERTO RICO<br><br>Recurridos | KLRA202300658 | *REVISIÓN ADMINISTRATIVA*<br>Procedente de la Junta de Planificación de Puerto Rico<br><br><br><br>Sobre: Impugnación sobre la validez del Plan de Ordenación Territorial del Municipio de Utuado |

Panel integrado por su presidenta, la Jueza Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Diaz Rivera y la Jueza Prats Palerm.

*Prats Palerm, Jueza Ponente*

**SENTENCIA**

En San Juan, Puerto Rico, a 11 de abril de 2024.

Comparece la recurrente, Teresa Sepúlveda Alancastro (en adelante "recurrente" o "señora Sepúlveda") mediante *Recurso de Revisión Administrativa* y nos solicita la revisión del Plan de Ordenamiento Territorial del Municipio Autónomo de Utuado (en adelante "POT") aprobado el 8 de mayo de 2023 por la Legislatura Municipal de Utuado mediante la Ordenanza Núm. 24 Serie 2022-2023, la cual fue firmada al día siguiente por el Alcalde del Municipio de Utuado. Además, el referido POT fue adoptado por la Junta de Planificación de Puerto Rico (en adelante "JP"), el 23 de agosto de 2023, mediante Resolución Núm. JP-PT-35-01 y aprobado finalmente por el Gobernador de Puerto Rico, el 1 de diciembre de 2023, mediante la Orden Ejecutiva Núm. OE-2023-037.

Por los fundamentos que expondremos a continuación se desestima el presente *Recurso de Revisión Administrativa* por

incumplir con la Regla 59 del Reglamento del Tribunal de Apelaciones.

**I.**

El Municipio de Utuado comenzó el proceso de elaborar su POT y para ello realizó tres vistas públicas donde presentó los siguientes documentos: (a) Fase I: Enunciación de Objetivos y Plan de Trabajo el 3 de julio de 1995; (b) Fase II: Memorial y Programa, el 24 de febrero de 1997, y (c) Fase III: Avance del Plan Territorial, el 10 de junio de 1999.  Sin embargo, el 6 de mayo de 2022, el Municipio de Utuado y la JP suscribieron un acuerdo colaborativo mediante Contrato Núm. 000021 para elaborar el POT final. El referido acuerdo colaborativo fue extendido el 30 de enero de 2023.

La Junta de Comunidad fue nombrada el 11 de agosto de 2022 por el Alcalde del Municipio de Utuado, Hon. Jorge Pérez Heredia (en adelante "Alcalde"). Dicha Junta de Comunidad fungió como un organismo representativo de los distintos sectores ideológicos, sociales y económicos de la comunidad del Municipio de Utuado.

El 8 de diciembre de 2022, el Municipio de Utuado notificó a la JP su intención de realizar vistas publicas para presentar los siguientes documentos actualizados: (a) Fase II: Avances y (b) Fase III: Plan Final.

Posteriormente, el 14 de diciembre de 2022, la JP autorizó al Municipio de Utuado a celebrar dos vistas públicas durante un mismo día.

Así las cosas, el Municipio de Utuado publicó los avisos de vistas públicas en tres medios: (1) Periódico Regional Visión del Norte en idioma español e inglés, el 5 de enero de 2023; (2) Periódico Primera Hora en idioma español e inglés, el 11 de enero de 2023; y (3) Emisora Radio Once 1120am el 11 de enero de 2023 en horario

de 7:55am hasta las 5:55pm mediante cinco ocasiones en idioma inglés y cinco ocasiones en idioma español.

Ese mismo día, 11 de enero de 2023, la Oficina de Gerencia de Permisos (en adelante "OGPe") determinó que el POT del Municipio de Utuado cumplía con la Ley Núm. 416 de 22 de septiembre de 2004, según enmendada, conocida como la "Ley sobre Política Publica Ambiental" y expidió el documento ambiental por Exclusión Categórica.

El 26 de enero de 2023, el Municipio de Utuado celebró las dos vistas públicas. Específicamente, se celebró la primera vista pública a las 9:00am para atender la Fase II: Avances y, luego, se celebró la segunda vista pública a las 2:00pm para atender la Fase III: Plan Final.

Luego de finalizado el proceso de vistas públicas, el 9 de marzo de 2023, el Municipio de Utuado presentó ante la Legislatura Municipal los documentos del Plan Final.

Tras varios trámites legislativos, el 8 de mayo de 2023, la Legislatura Municipal aprobó el POT mediante la octava Sesión Ordinaria y expidió la Ordenanza Núm. 24 Serie 2022-2023, intitulada "*De la Legislatura Municipal de Utuado, Puerto Rico; Para Aprobar el Plan Territorial del Municipio de Utuado a tenor con el Articulo 6.011 de la Ley Número 107-2020, según enmendada, Código Municipal de Puerto Rico*", la cual fue firmada al día siguiente por el Alcalde. (Énfasis nuestro)

A esos efectos, el 11 de mayo de 2023, el Municipio de Utuado notificó a la JP la aprobación del POT.

Así las cosas, el 23 de agosto de 2023, la JP mediante Resolución Núm. JP-PT-35-01 adoptó el POT del Municipio de Utuado.

Finalmente, el 1 de diciembre de 2023, el Gobernador de Puerto Rico, Hon. Pedro Pierluisi (en adelante "Gobernador") emitió

el Boletín administrativo Núm. OE-2023-037, mediante el cual aprobó el referido POT del Municipio de Utuado.

Inconforme con lo anterior, el 21 de diciembre de 2023, la señora Sepúlveda acude ante este foro apelativo intermedio mediante *Recurso de Revisión Administrativa* sin formular expresamente un señalamiento de error. La recurrente, a lo sumo, impugna el POT debido a irregularidades legales e irregularidades con alta peligrosidad para la ciudadanía y recursos naturales de Utuado y pueblos limítrofes. Específicamente, la recurrente sostiene que:

> El lunes 8 de mayo del año 2023 la legislatura del municipio de Utuado aprobó en una vista pública el Plan de Ordenamiento Territorial de Utuado (POT). La legislatura tanto como el alcalde Jorge Pérez Heredia, allí presente, hicieron caso omiso a una ponencia donde se exponían importantes irregularidades e ilegalidades en este POT. Apenas permitieron la exposición de esta.
>
> .        .        .        .        .        .        .        .
>
> Considerando que estos planteamientos fueron presentados en la vista pública en la legislatura de Utuado el lunes, 8 de mayo de 2023, entendemos que es urgente que se atienda esta impugnación. Entendemos que este POT NO PUEDE PONERSE EN VIGOR ESTE PLAN ES DETRIMENTAL NO SOLO PARA UTUADO, SINO PARA TODO PUERTO RICO.

Luego de algunas incidencias procesales, el 14 de febrero de 2024, se presentó el *Alegato en Oposición de la Junta de Planificación de Puerto Rico al Recurso de Revisión Administrativa y Desestimación* (sic) *por Falta de Jurisdiccion en la Materia y Falta de Parte Indispensable.* En síntesis, la JP argumentó que carecemos de jurisdicción para atender el recurso de autos por la falta de emplazamiento al Gobernador de Puerto Rico y Secretario de Justicia en representación del Gobierno de Puerto Rico, y por el cumplimiento con las disposiciones procesales de reglamentación y garantías mínimas establecidas en la Ley Núm. 38-2017, según enmendada, conocida como la "Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico" (en adelante "LPAU").

De igual manera, el 14 de febrero de 2024, el Municipio de Utuado presentó su *Contestación en Oposición.* Allí, en síntesis,

alegó que carecemos de jurisdiccion y competencia para atender el recurso de autos por haberse presentado fuera del término requerido y por corresponderle al Tribunal de Primera Instancia, Sala Superior de Utuado, según la Ley Núm. 107-2020, conocida como "Código Municipal de Puerto Rico" (en adelante "Código Municipal").

El 23 de febrero de 2024, la recurrente presentó una Moción titulada "*Ante la contestación del Municipio de Utuado y el Alegato en Oposición de la Junta de Planificación de Puerto Rico sobre el Recurso de Revisión Administrativa*". Allí, en lo pertinente, la recurrente afirma que su recurso impugnó el POT dentro del término requerido bajo la Sección 2.7 de LPAU, *supra*.

Con el beneficio de la comparecencia escrita de todas las partes, damos estos por perfeccionados y procedemos a resolver.

**II.**

**A. Jurisdicción**

En reiteradas ocasiones nuestra Máxima Curia ha manifestado que la jurisdicción es el poder o la autoridad que tiene un tribunal para considerar y decidir casos o controversias. *Ruiz Camilo v. Trafon Group, Inc*, 200 DPR 254, 267 (2018); *Maldonado v. Junta de Planificación*, 171 DPR 46, 55 (2007). Conforme a ello, en toda situación jurídica que se presente ante un foro adjudicativo, lo primero que se debe considerar es el aspecto jurisdiccional. *Horizon v. Jta. Revisora, RA Holdings*, 191 DPR 228, 233-234 (2014); *Cordero et al. v. ARPe et al.,* 187 DPR 445, 457 (2012). Esto debido a que los tribunales tienen la responsabilidad indelegable de examinar, en primera instancia, su propia jurisdicción. *Íd.* Así, nuestro Tribunal Supremo ha reafirmado que los tribunales debemos ser celosos guardianes de nuestra jurisdicción, por lo que los asuntos relacionados con ésta son privilegiados y deben atenderse de manera preferente. *Ruiz Camilo v. Trafon Group, Inc., supra.*

Como es sabido, es deber ministerial de todo tribunal, cuestionada su jurisdicción por alguna de las partes o incluso cuando no haya sido planteado por éstas, examinar y evaluar con rigurosidad el asunto jurisdiccional, pues éste incide directamente sobre el poder mismo para adjudicar una controversia. *Ruiz Camilo v. Trafon Group*, Inc., *supra.*

Por consiguiente, si un tribunal, luego de realizado el análisis, entiende que no tiene jurisdicción sobre un recurso, sólo tiene autoridad para así declararlo. De hacer dicha determinación de carencia de jurisdicción, el tribunal debe desestimar la reclamación ante sí sin entrar en sus méritos. Lo anterior, basado en la premisa de que, si un tribunal dicta sentencia sin tener jurisdicción, su decreto será jurídicamente inexistente o *ultravires*. *Cordero et al. v. ARPe et al.*, 187 DPR 445, 447 (2012).

Cónsono con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones confiere facultad para desestimar un recurso a iniciativa propia o a petición de parte cuando este foro carece de jurisdicción. Veamos.

(B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:

   **(1) que el Tribunal de Apelaciones carece de jurisdicción;**

   (2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello;

   (3) que no se ha presentado o proseguido con diligencia o de buena fe;

   (4) que el recurso es frívolo y **surge claramente que no se ha presentado una controversia sustancial** o que ha sido interpuesto para demorar los procedimientos, o

   (5) que el recurso se ha convertido en académico.

(C) **El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación** o denegar un auto discrecional por cualquiera de los motivos consignados en el inciso (B) precedente.

4 LPRA Ap. XII-B, R. 83(B) y (C). (Énfasis nuestro).

**B. El contenido del Recurso de Revisión Administrativa**

En nuestro ordenamiento jurídico se le reconoce a todo ciudadano el derecho estatutario a recurrir de las decisiones de un organismo inferior. *Isleta v. Inversiones Isleta Marina,* 203 DPR 585 (2019). Tal derecho, sin embargo, está sujeto a limitaciones legales y reglamentarias, entre las que se encuentra su correcto perfeccionamiento. *Isleta v. Inversiones Isleta Marina, supra.*

De otra parte, es harto conocido que las disposiciones reglamentarias que rigen el perfeccionamiento de los recursos apelativos deben observarse rigurosamente y su cumplimiento no puede quedar al arbitrio de las partes o sus abogados. *Íd.* Véase también, Hernández Maldonado v. Taco Maker, 181 DPR 281 (2011). Es por ello que, ante el rigor requerido, se autoriza la desestimación de aquel recurso que incumpla con las disposiciones reglamentarias de fondo y forma. *Íd.* Sin embargo, dado a la severidad de esta sanción, los tribunales deberán cerciorarse primero de que el incumplimiento haya provocado un impedimento real y meritorio para que pueda atender el caso en los méritos. Román et als v. Román et als, 158 DPR 163, 167-168 (2002).

En cuanto a las disposiciones reglamentarias antes aludidas, es de particular importancia para el caso de autos la Regla 59(C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B R. 59(C), que establece cuál es el contenido que deberá tener el recurso de revisión administrativa. Así, la referida regla establece lo siguiente:

(C) Cuerpo

      (1) Todo recurso de revisión tendrá numeradas, en el orden aquí dispuesto, las partes siguientes:

            (a) En la comparecencia, el nombre de los recurrentes.

            (b) Las citas de las disposiciones legales que establecen la jurisdicción y la competencia del tribunal.

(c) Una referencia a la decisión, reglamento o providencia administrativa objeto del recurso de revisión, la cual incluirá el nombre y el número del caso administrativo, el organismo o la agencia o funcionario(a) que la dictó, la Región Judicial correspondiente, la fecha en que fue dictada y la fecha en que se archivó en autos copia de su notificación a las partes. También, una referencia a cualquier moción, resolución u orden mediante las cuales se haya interrumpido y reanudado el término para presentar el recurso de revisión. Además, se especificará cualquier otro recurso sobre el mismo caso o asunto que esté pendiente ante el Tribunal de Apelaciones o ante el Tribunal Supremo a la fecha de presentación.

(d) **Una relación fiel y concisa de los hechos procesales y de los hechos importantes y pertinentes del caso**.

(e) **Un señalamiento breve y conciso de los errores que a juicio de la parte recurrente cometió el organismo, agencia o funcionario(a) recurrido**.

(f) Una discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicables.

(g) La súplica.

(2) **El recurso de revisión será el alegato de la parte recurrente.** No se permitirá la presentación de un alegato o memorando de autoridades por separado. **La argumentación y los fundamentos deberán incluirse en el cuerpo de los recursos de revisión.**

(3) En caso de que en el recurso de revisión se plantee alguna cuestión relacionada con errores en la apreciación de la prueba o con la suficiencia de esta, la parte recurrente procederá conforme se dispone en la Regla 76.

4 LPRA Ap. XII-B, R. 59. (Énfasis nuestro).

Es doctrina reiterada que las partes, inclusive los comparecientes por derecho propio deben cumplir con las disposiciones reglamentarias establecidas para la presentación y forma de los recursos y que su incumplimiento puede dar lugar a la desestimación. *Pueblo v. Román Martir,* 169 DPR 809 (2007); *Córdova v. Larín,* 151 DPR 192 (2000); *Martínez, Inc. v. Abijoe Realty Corp.,* 151 DPR 1 (2000). Sobre el particular, el Tribunal Supremo ha expresado:

En primer lugar, **es necesario aclarar que el hecho de que las partes comparezcan por derecho propio, por sí solo, no justifica el incumplimiento de éstas con las reglas procesales**. Al igual que en el pasado quisimos

evitar que litigantes perdidosos postergaran indefinidamente la adjudicación final y firme de los casos con la presentación de una moción de reconsideración, ahora **debemos evitar que las partes utilicen la comparecencia por derecho propio como subterfugio para no cumplir con las normas procesales**, especialmente aquellas que establecen términos jurisdiccionales o de cumplimiento estricto.

*Febles v. Romar*, 159 DPR 714 (2003). (Énfasis nuestro).

## C. Impugnación de un reglamento de su faz bajo la LPAU

La LPAU, *supra*, establece dos tipos de procedimientos administrativos: los adjudicativos y los de reglamentación. En su sección 1.3 (n) define el concepto de reglamentación como aquel "procedimiento seguido por una agencia para la formulación, adopción, enmienda o derogación de una regla o reglamento." 3 LPRA § 9603 (n). Asimismo, define el concepto de regla o reglamento como aquella:

> [N]orma o conjunto de normas de una agencia que sea de aplicación general que ejecute o interprete la política pública o la ley, o que regule los requisitos de los procedimientos o prácticas de una agencia que tenga fuerza de ley.
>
> 3 LPRA § 9603 (m).

Por ello, el procedimiento de reglamentación se ha catalogado como uno de naturaleza *cuasi* legislativa. *Junta de Planificación v. Frente Unido Pro Defensa I*, 165 DPR 445 (2005). En lo pertinente, se ha establecido en nuestra jurisdicción que la ordenación territorial o zonificación constituye un ejercicio de reglamentación. *Mun. San Juan v. Junta de Planificación*, 189 DPR 895 (2013).

Por otro lado, los artículos 6.011 del Código Municipal, 21 LPRA § 7861, establece que al elaborar un plan de ordenamiento territorial se deberá cumplir con las disposiciones de la LPAU, *supra*.

Sobre esto, la LPAU, *supra,* dispone sobre el proceso que debe cumplir una agencia administrativa para aprobar un reglamento y el alcance de la participación de la ciudadanía durante la conducción de éste. Específicamente, en su Sección 2.7 dispone

cómo y en cuanto tiempo un reglamento puede ser impugnado de su faz. Dicha disposición estatutaria lee de la forma siguiente:

(a) Una regla o reglamento aprobado después de la fecha de efectividad de esta Ley será nulo si no cumpliera sustancialmente con las disposiciones de este capítulo.

(b) Cualquier acción para impugnar la validez de su faz de una regla o reglamento por el incumplimiento de las disposiciones de este capítulo deberá iniciarse en el Tribunal de Circuito de Apelaciones dentro de los treinta (30) días siguientes a la fecha de vigencia de dicha regla o reglamento. La competencia sobre la acción corresponderá al a la región judicial donde está ubicado el domicilio del recurrente.

(c) La acción que se inicie para impugnar el procedimiento seguido al adoptar las reglas o reglamentos de que se trate no paralizará la vigencia de los mismos, a menos que la ley al amparo de la cual se adopta disponga expresamente lo contrario.

3 LPRA Sec. 9617.

Conforme a lo antes citado, cualquier persona puede impugnar la validez de una regla o reglamento aprobado por una agencia administrativa por el incumplimiento de las disposiciones de la LPAU dentro del término de treinta (30) días, haya participado o no durante la celebración de las vistas públicas celebradas, como parte del proceso para su aprobación. Es decir, "no tiene que ser afectado por la aplicación de dicha regla o reglamento para tener la capacidad para promover la referida impugnación ante el Tribunal de Apelaciones". *Junta de Planificación v. Frente Unido Pro Defensa I, supra,* pág. 463. No obstante, cualquier persona afectada por la aplicación de una regla o reglamento aprobado por una agencia administrativa podrá impugnar la validez constitucional del mismo, en cualquier momento, ante el Tribunal de Primera Instancia. Íd., *Asociación Dueños Casas La Parguera v. J.P.,* 148 DPR 307 (1999). Sobre este particular, nuestro más Alto Foro expresó que:

[A]l establecerse que la impugnación del reglamento es "de su faz" se prescinde de la necesidad de considerar hechos relativos a la aplicación concreta del mismo. Es decir, no se requiere demostrar una lesión a un interés individualizado del litigante para que proceda la revisión, ya que ésta busca invalidar el reglamento en toda circunstancia en que pueda

ser aplicable. No obstante, de acuerdo con el propio texto de la Sec. 2.7 de la LPAU, esa impugnación "de su faz" **se** circunscribe a los casos en que se alegue el incumplimiento con las garantías procesales de la propia ley".

*Centro Unido de Detallistas v. Com. Serv. Púb.,* 174 DPR 174 (2008).

Con relación a cuándo entrarán en vigor los POT, el Reglamento Núm. 5087 de 15 de junio de 1994 de la Junta de Planificación, conocido como el *Reglamento sobre los Planes de Ordenación Municipal y la Transferencia y Administración de Facultades* (Reglamento de Planificación Núm. 24), establece en lo pertinente, lo siguiente:

> Sección 15.00 – Aprobación del Gobernador – Una vez adoptado el Plan por la Junta, mediante Resolución al efecto, ésta preparará una Orden Ejecutiva para la consideración del Gobernador de Puerto Rico, la cual indicará la fecha de adopción del Plan, las bases legales y los fines que persigue el Plan de Ordenación en cuestión. Esta Orden se acompañará con copia de todos los documentos aprobados por la Asamblea Municipal y adoptados por la Junta. Una vez aprobado por el Gobernador, el Plan de Ordenación entrará en vigor de inmediato.

## III.

En este caso, la recurrente presentó un *Recurso de Revisión Administrativa* por derecho propio ante este Tribunal de Apelaciones.

No obstante, al examinar el recurso, nos percatamos que el mismo no cumple con la Regla 59(C) del Reglamento del Tribunal de Apelaciones. Específicamente, resaltamos que el referido recurso no contiene una relación fiel y concisa de los hechos procesales y de los hechos pertinentes del caso, según requerido por la Regla 59 (C)(1)(d) del Reglamento del Tribunal de Apelaciones. Tampoco contiene un señalamiento de error que, a su juicio, haya cometido la agencia recurrida, ni una discusión de estos errores que nos permita efectivamente ejercer nuestra función de revisar el dictamen del cual se recurre, según requerido por las Reglas 59(C)(1)(e) de nuestro Reglamento. Tanto así que este Tribunal se vio obligado a tomar conocimiento judicial de la Resolución Núm. JP-PT-35-01 de

la Junta de Planificación de Puerto Rico y el Boletín administrativo Núm. OE-2023-037 del Gobernador de Puerto Rico, conforme a la Regla 202 (B)(1) de Evidencia.

Obviando lo anterior, la recurrente hace un planteamiento mediante una *Moción* en la cual impugna el POT bajo la sección 2.7 de la LPAU, *supra*. Sin embargo, en su *Recurso de Revisión Administrativa*, la recurrente levanta unos planteamientos que no van dirigidos a impugnar el POT de su faz, por el contrario, van dirigidos a reclamar unos derechos particulares y a establecer unas controversias fuera de nuestra jurisdiccion. De manera específica, la recurrente señala en su alegato las páginas particulares del POT en las cuales alega irregularidades con alta peligrosidad que atenta contra la ciudadanía y recursos naturales de Utuado y pueblos limítrofes.

Ante esto, debemos recordar que, en esta etapa apelativa, el *Recurso de Revisión Administrativa* de la parte recurrente representa su alegato, según la Regla 59 (C)(2) de nuestro Reglamento. Considerando que el alegato de la recurrente es incompleto, tales defectos acarrean irremediablemente su desestimación por no configurar un recurso revisable ante este foro.

A esos efectos, el Reglamento del Tribunal de Apelaciones dispone que este foro podrá, *motu proprio*, en cualquier momento, desestimar un recurso porque no se haya perfeccionado conforme a la ley y a las reglas aplicables. Cónsono con lo previamente expuesto, desestimamos el escrito de la recurrente por incumplir con la Regla 59 del Reglamento del Tribunal de Apelaciones.

**IV.**

Por todo lo anterior, se *desestima el Recurso de Revisión Administrativa* por incumplir con la Regla 59 del Reglamento del Tribunal de Apelaciones.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones